| | | |
|---|---|---|
| THE LIQUID CARBONIC CO., | : | NO. 8322, |
| versus | : | COURT OF APPEAL, |
| WM. M. LEVY. | : | PARISH OF ORLEANS. |

WILLIAM A. BELL, JUDGE:

June 30th, 1922.

BY: WILLIAM A. BELL, JUDGE:

This is a suit filed February 7, 1921, by The Liquid Carbonic Company against William M. Levy on two notes, dated April 5, 1920, aggregating $262.50, bearing 6 per cent interest from date until paid, which notes were executed by defendant in plaintiff's favor as part of the purchase price of a second-hand soda fountain which was sold by plaintiff to defendant. The contract covering the sale is dated March 16, 1920, and shows that the soda fountain and equipment in question was sold f.o.b. Pascagoula, Mississippi, where the property was located at the time of the sale. The description of the soda fountain and its various mechanical parts, together with a certain second hand marble counter, is set forth in the written contract of purchase with the sole notation as to defects, that hinges on top of cold storage are broken. It is stipulated that the vendor, plaintiff herein, shall send erector to uncrate and erect the fountain, but that said erector will do no plumbing or electrical wiring. The order also bears the words "Rush soon as possible,"

The defendant's answer admits his signature to the notes, but denies any liability thereon, and alleges that the consideration therefor has failed. Assuming the position of plaintiff in reconvention, the defendant prays for judgment against The Liquid Carbonic Company in the sum of $1,281.15, made up as follows:

```
Amount paid on account of purchase price
of soda fountain ----------------------------$237.50
Freight from Pascagoula to New Orleans ----   38.50
Express charges on piece of marble shipped
by plaintiff to replace a broken part -----    2.65
Express charges on a motor shipped by
plaintiff to defendant to replace a
defective motor ----------------------------    2.50
Damages for breach of contract -----------1,000.00

     Total ------------------------------$1,281.15
```

There was judgment in favor of plaintiff for the amount claimed on the notes($262.50) with interest, not from

date of notes but from date of judgment, and in favor of defene dant as plaintiff in reconvention, for $5.15, this amount being the aggregate of the two above items for express charges on a piece of marble and on a motor. The evidence shows that these two small items of expense or disbursement were not covered by the contract but were advanced by defendant at the request and for account of plaintiff. The record further shows as a fact, admitted in defendant's brief, that the fountain though sold on March 16, 1920, was finally installed by plaintiff to defendant's satisfaction only two or three weeks before the trial of this cause in the lower court, which occurred May 19, 1921. For this evident reason, the court recognizing plaintiff's claim for the principal due on the notes, disallowed the interest stipulated on the face of the notes and gave judgment as to the interest only from date of rendition of judgment.

Defendant admitting his final acceptance of the fountain has acquiesced in the judgment upon the notes and the interest as allowed, but prays this court for reversal of that part of the judgment which denies his reconventional demand for damages in the sum of One Thousand Dollars.

The sole question, therefore, before this court on appeal, is defendant's claim for the above damages alleged to be due for violation of plaintiff's written contract to install the soda fountain.

There is abundance of proof in the record, made certain by plaintiff's own witnesses, that the soda-fountain was not properly installed and could not be used under mechanical operation as contemplated by the contract, until some time in April, 1921, two months after the institution of these proceedings, and more than a year after the date of the contract sued upon.

The extensive correspondence found in the record as well as the testimony adduced at the trial, convinces us, without necessity of discussing the evidence, that plaintiff failed

to deliver or install within any reasonable time or with mechanical efficiency the property contracted for.

There were no written reasons ror judgment given by the judge a quo, but that he was entirely in accord with our conclusions is eloquently manifested by the fact heretofore noted, to wit; the allowance of interest on the notes only from date of judgment.

Plaintiff has not answered the appeal herein taken, nor prayed for amendment of the judgment in this respect.

Counsel for plaintiff, defendant in reconvention, urges in argument and brief, three reasons for denial of damages under the alleged breach of contract: First, that defendant has not shown plaintiff was responsible for the damage complained of to the equipment; secondly, that defendant could and should have prevented the accrual of damages; thirdly, that defendant has not shown any basis by which damages, if suffered, could be definitely fixed or ascertained, the claim for same being purely speculative.

In arguing the first of the above defenses it was urged that the shipment of the fountain having been f.o.b. Pascagoula, Mississippi, the burden was upon plaintiff in reconvention to show that the fountain was not in good order at time of shipment. Such negative proof cannot be placed upon the vendee particularly for the reason that the contract specially provides that the fountain and equipments should be erected at New Orleans by the vendor. In none of the correspondence or testimony before us has there been any attempt to claim that the defects shown to have existed arose in transitu, while, on the other hand, and as we have heretofore noted, the record abounds with proof as to the defectiveness of the apparatus, due to no fault of plaintiff in reconvention.

Plaintiff's other defenses to the reconventional demand may be considered together, the questions of defendant's actual losses or damages and his effort or not to prevent or reduce the same being closely allied to each other, and being entirely determinable from the evidence disclosed by the record.

We find that the defendant has been engaged in the retail drug and soda-water business in a well populated part of the City of New Orleans for over thirty years. His correspondence with the plaintiff from May 7th to August 22nd, 1920, shows that he repeatedly notified plaintiff that because of the defective soda fountain sold to him, he was losing money at the rate of about $10.00 per day; and that during all of this period he was induced by frequent promises and representations from plaintiff to patiently await the adjustment of his troubles, and not until August of 1920 did anyone authorized to act for plaintiff ever appear at his store, or in any manner attempt to remedy the complaints made by him; that after various exchanges of three motors, two carbonaters, one marble counter and certain parts, and after interviews and visits from plaintiff's representatives, in April 1921, subsequent to the filing of plaintiff's petition, matters were finally adjusted to defendant's satisfaction, and in accordance with the contract originally entered into.

The defendant has testified under oath that his soda-water business brought from $2,200 to $2,700 per year, at least one half of which amounts were profits, and that the soda-water sales for 1919 were $2,663, and his profits in that year on soda sales were $1,400. He also stated that the sale of soda-water for the season of 1920-'21 would have been better than that of 1920 because of increased business all over the country due to prohibition. This latter statement is of course speculative, but his testimony as to the previous year's business has

not been contradicted in any manner. There is other testimony to the effect that the best months for the sale of soda-water are from May through August, the particular months of 1920 during which he was deprived of the use of his fountain.

It is further shown that he actually made effort, after repeated disappointments due to plaintiff's delays, to have the only local dealers he knew of in New Orleans fix the fountain, but that they also failed, him. A careful examination of the whole record before us does not lead us to believe that plaintiff in reconvention was indifferent or negligent in his efforts to overcome the difficulties confronting him or to minimize his losses.

The books of his business showing his profits in said soda-water during the previous year were not offered by plaintiff's counsel on the one and only day during which this case was tried, and counsel for defendant promptly consented to their surrender. These books do not appear to have been filed, the judgment in this case having been rendered six days subsequent to the trial. While the books would have been the best evidence, the uncontradicted testimony of defendant must be taken as true. It is difficult to estimate the exact extent of defendant's loss and profits due to plaintiff's fault in failing to erect in proper working order the fountain sold, but we are convinced that he could not have lost less than $5.00 per day during the four best months of the year 1920, that is during the very period of time in which the plaintiff by protracted correspondence, led him into the belief that the complaints would be promptly rectified.

We think therefore, that he should recover at least to the extent of the sum of $615.00. Art. 1934 R.C.C. provides, except under certain conditions not applicable to the case before us that:

> "Where the object of the con-
> tract is anything but the payment of
> money, the damages due to the creditor
> for its breach are the amount of the
> losses he has sustained, and the profits
> of which he has been deprived - - "

Under the article just cited, the loss of pro-
fits which defendant has suffered in this case, are undoubtedly
recoverable if possible of proof, and cannot be denied because
of the contention that they are purely speculative. Had defen-
dant been about to engage in the soda-water business for the first
time, the damage suffered by him as a consequence of plaintiff's
breach of contract, might have been in their nature somewhat
indefinite if not speculative, and difficult of proof. Such are
not the facts in the case before us, but even under such con-
ditions we are of the opinion that the damages for which we have
found plaintiff to be liable are such as may reasonably have been
supposed to have entered into the contemplation of the parties
at the time of the contract, particularly when it is noted that
the old fountain was removed, and its value taken in part payment
of the price of the fountain involved in this suit.

In the case of Findley v. Breedlove, 4 Martin
(N.S.) 105, the court recognized defendant's rights when sued
for the price of certain defective steam-boat machinery, to re-
convene for the profits lost. In that case the court said, in
part as follows:

> "There is nothing in this war-
> ranty that limits the responsibility
> of the sellers to the value of the ma-
> chinery which should prove defective,
> and the law extends the obligation much
> further.
>
> Damages are the loss which a
> person has sustained, or the gain which
> he has missed; such is the definition of
> the Roman jurists, "quantum mea interfuit,
> id est quantum mihi abest, quantumque lu-
> crari potui.'- Dig. 46, tit. 8,1 13.
> We think that where the owner of a boat
> contracts for an engine, and loses the
> use of her for several months in conse-
> quence of defects in the machinery, that
> the money actually expended, and the loss
> of gain directly resulting from these de-
> fects, come within the definition just given."
> Pothier, Traite des Ob., 162,163,165; Toullier
> Droit Civil Francais, Liv. 3,tit.3, chap.3,Nos.
> 286,287,Domat,liv.3.tit.5,s.2,Nos.4 and 11,

690

Civil Code 49, 50, 51 p. 268."

See also Forrest v. Caldwell, 5 La., Ann. 22-0.

The fact, that because of circumstances arising in the instant case, there can be only estimated damages rather than definite damages, actually determined unto the exact amount claimed, does not bar defendant's right of recovery. It cannot be said that the claim in reconvention is one based upon prospective or future profits, such as may be claimed in a suit for future rents under stipulations of renewals in a contract of lease not fulfilled, but on the contrary, are shown to have been actual profits of which the defendant has been actually deprived, because of plaintiff's failure to observe the contract existing between the parties.

For these reasons, it is ordered, adjudged and decreed that the judgment of the trial court on the main action be, and the same hereby is affirmed.

It is further ordered, adjudged and decreed that the judgment in favor of defendant as plaintiff in reconvention for the sum of $5.15, and against plaintiff as defendant in reconvention, be amended, and that there be now judgment increasing the said amount to the sum of $620.15, with legal interest thereon from ~~February 7th~~ March 1st, 1921, until paid; plaintiff and appellee herein to pay all costs of appeal.

JUDGMENT AFFIRMED AND